IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> SHAUNTAY CRAIG <br> also known as <br> Shake <br> also known as <br> Shakey <br> also known as <br> Shake G <br> also known as <br> Big Bro, <br><br>    Defendant. | CRIMINAL FILE NO. <br> 1:16-CR-145-1-TWT |

**OPINION AND ORDER**

This is a criminal action. It is before the Court on the Report and Recommendation [Doc. 3784] of the Magistrate Judge recommending denying the Defendant's Motion to Vacate Sentence [Doc. 3709]. After the Defendant plead guilty and was sentenced, he filed a direct appeal with the Eleventh Circuit and argued that he was coerced into signing the plea agreement. *United States v. Craig*, 2022 WL 613727, at *2 (11th Cir. Mar. 2, 2022). Specifically, the Defendant claimed that his plea was not voluntary based on "(1) the 'pressure' he was under

'after the failed plea negotiations which caused him to lose a plea of [thirty-one] years'; [and] (2) the 'rift in the relationship with his attorneys' caused by the failed plea negotiations[.] . . ." *Id.* at *3. On March 2, 2022, the Eleventh Circuit found that the Defendant knowingly and voluntarily entered into the plea and affirmed his convictions and sentences. *Id*. In his Report and Recommendation, the Magistrate Judge correctly noted that matters decided on direct appeal cannot be re-litigated in a §2255 motion. *Hidalgo v. United States*, 138 F. App'x 290, 291 (11th Cir. 2005). And matters that could have been raised on direct appeal, but were not, are largely foreclosed. *Id.*; *see also Lynn v. United States*, 365 F.3d 1225, 1233-35 (11th Cir. 2004). Ineffective assistance of counsel claims generally constitute exceptions to this rule because those claims cannot be fully litigated on direct appeal and collateral review allows for adequate development and presentation of relevant facts in connection therewith. *Massaro v. United States*, 538 U.S. 500, 505-09 (2003). But even an ineffective assistance claim can be foreclosed where the underlying claim was rejected on appeal. Indeed, "even if the arguments are different," a defendant "cannot repackage the same facts as a different argument and claim that his new, different argument could not have been raised before." *Hidalgo,* 138 F. App'x at 294; *see also United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("A rejected claim does not merit rehearing on a different, but previously available, legal

2

theory."). The Defendant argued on appeal that his plea was involuntary because of the failed plea negotiations – which is precisely what he argues here in the Motion to Vacate Sentence, albeit under the guise of ineffective assistance. The Magistrate Judge correctly held that because the Defendant's ineffective assistance claims simply "repackage" the enumerations of error he raised on appeal, the Defendant cannot relitigate those alleged errors. The Defendant's Objections to the Report and Recommendation do not address this conclusion.

    The Magistrate Judge correctly noted that there is a strong presumption that statements made during the plea colloquy are true. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). Where, as here, a Defendant's claim of ineffective assistance of counsel is in direct conflict with his statements under oath, he has a strong burden to show that those sworn statements were false. *Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007); *see also United States v. Frady*, 456 U.S. 152, 164, 166 (1982) ("Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume that he stands fairly and finally convicted."). The Defendant simply has not met this burden. During the plea colloquy the Defendant stated under oath that he was satisfied with counsel and

no one threatened or forced him to plead guilty, made any promise that caused him to enter the plea other than in the plea agreement, or advised him not to tell the truth at the plea hearing. The Defendant's after-the-fact contradictory self-serving statements are insufficient to meet the heavy burden that would overcome the presumption of truth of these sworn statements. *See, e.g., Baker v. United States*, 847 F. App'x 761, 765 (11th Cir. 2021). For the reasons set forth in the thorough and well-reasoned Report and Recommendation, the Defendant has not shown prejudice from his claim of ineffective assistance of counsel. He got the sentence that he bargained for. His self-serving claim that he would have gone to trial is contradicted by the plea colloquy and the overwhelming evidence that the Government had against him. The Defendant's Objections to the Report and Recommendation are without merit. The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant's Motion to Vacate Sentence [Doc. 3709] is DENIED. For the reasons set forth in the Report and Recommendation, no Certificate of Appealability will be issued.

SO ORDERED, this  11th  day of July, 2024.

THOMAS W. THRASH, JR.
United States District Judge